**Sigmund FRIED, et al.**

v.

**SUNGARD RECOVERY SERVICES, et al.**

Civil A. No. 95–878.

United States District Court, E.D. Pennsylvania.

May 2, 1996.

---

Mark R. Cuker and Steven M. Schain, Williams & Cuker, Philadelphia, PA, for plaintiff.

Roger F. Cox, Blank, Rome, Comisky & McCauley, Philadelphia, PA and John P. McShea, Eckert Seamans Cherin & Mellott, Philadelphia, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Defendant Intech Construction, Inc. moves this Court to grant it summary judgment on one claim and dismiss the other claims asserted against it in the Second Amended Complaint brought by Plaintiffs Sigmund Fried and Sam Wurst on behalf of themselves and a purported class. The facts of this case have been recited in previous decisions of this Court; similarly, many of the legal issues raised herein have been addressed before.

### Counts Two and Three

First, Plaintiffs agree that Plaintiff Sam Wurst should be dismissed as a plaintiff from Count Two against Intech. They also agree that Count Three should be dismissed against Intech.

■ Second, Intech seeks summary judgment on any of Plaintiffs' claims that are premised on asbestos removals on the mezzanine level of 401 North Broad Street. Plaintiffs assert violations of the Clean Air Act based on evidence that asbestos is present on the mezzanine level, Intech did construction work on the mezzanine level in 1990, and today it appears that some asbestos there may be damaged. Recognizing that this is not overwhelming proof, Plaintiffs indicate that as of the date of the motion, November, 1995, discovery was expected that might provide additional support for their claim. Since then, although there has been further briefing on this motion, Plaintiffs have not proffered any additional evidence. We cannot find that the existing evidence creates a genuine issue of fact as to whether asbestos was improperly disturbed by Intech on the mez-zanine level. Accordingly, summary judgment is appropriately granted for claims based on asbestos removals or disturbances by Intech on the mezzanine level.

■ Plaintiffs assert a second claim, however, alleging that Intech violated the Clean Air Act by failing to survey the mezzanine for asbestos before it commenced its construction activities. 40 C.F.R. § 61.145(a). Defendant rebuts this allegation by pointing out that the relevant regulation did not come into effect for more than six months after it began construction. For that reason, it argues, its motion to dismiss this claim should be granted. We agree and dismiss all claims based on Intech's failure to survey the mezzanine section.

### State Claims

Intech seeks dismissal of all the state claims on the basis that no Plaintiff has alleged an injury. In fact, the only injury alleged in the Second Amended Complaint is the need for medical monitoring, which at the time this motion was filed, arguably was not an injury in Pennsylvania. This past month, however, the Supreme Court of Pennsylvania ruled on this precise issue.

The Supreme Court addressed consolidated appeals from several plaintiffs in asbestos cases. Although no plaintiff had actual diseases from asbestos exposure, each plaintiff had asymptomatic pleural thickening. One question the Court answered was whether these plaintiffs were entitled to medical monitoring. The Court cited *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829 (3d Cir. 1990), *cert. denied*, 499 U.S. 961, 111 S.Ct. 1584, 113 L.Ed.2d 649 (1991) and *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717 (3d Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1253, 131 L.Ed.2d 134 (1995) and observed that the Third Circuit had predicted that the Supreme Court would recognize a claim for medical monitoring. Then, it held:

asymptomatic pleural thickening caused by occupational exposure to asbestos does not give rise to a cause of action for the damages requested by Appellants. We do recognize, however, a *limited exception* regarding damages for expenses incurred in

the medical surveillance of the condition.... Although we hold that awarding damages for the increased risk and fear of cancer is contrary to the established jurisprudence of this Commonwealth, we find that *recovery for medical monitoring is appropriate and just.*

*Simmons v. Pacor, Indus.*, 543 Pa. 664, 674 A.2d 232, 239 (1996) (emphasis added). To this end, it held, "[w]e adopt th[e] rationale [of *Burns v. Jaquays Mining Corp.*, 156 Ariz. 375, 752 P.2d 28 (App.1987) ] as the rule of law for this Commonwealth regarding plaintiffs diagnosed with asymptomatic pleural thickening caused by occupational exposure to asbestos." *Id.*, 674 A.2d at 239.

Despite this apparently straightforward language, Intech and Plaintiff dispute how far this ruling goes. First, Intech contends that because the plaintiffs in *Simmons* did not request medical monitoring, that the ruling is mere dicta. We find that this ruling is not dicta, based on the statement, "[w]e adopt this rationale as the rule of law for this Commonwealth." *Id.*, 674 A.2d at 239.

Second, Intech argues that we should limit this ruling's applicability to those plaintiffs who can show that they have asymptomatic pleural thickening. Plaintiffs assert, however, that the Supreme Court only appears to limit its holding. In fact, they declare, all the *Simmons* plaintiffs had asymptomatic pleural thickening, so it was only natural that the Court would have spoken in those terms. Plaintiffs argue that the meaning of the Court's holding should be extended to anyone who has a significant exposure to asbestos. In support, they point to *Burns,* and declare that the words "pleural thickening" are not even found in that opinion, so that no such limitation was incorporated into *Simmons.*

We disagree. First, we cannot imagine that the Supreme Court does not mean the words it uses and because the limitation is found in the very sentence granting the relief, we find that the limitation has force. Second, the Supreme Court prefaced its ruling with the statement that it was carving out only a "limited exception." Third, we note that *Burns,* in fact, held that the plaintiffs "all have asbestos fibers in their lungs which are causing changes in the lung tissue." 752 P.2d at 30. Finally, we find it significant that the Supreme Court did not adopt the *Paoli R.R. Yard* line of cases, which has no pleural thickening requirement, but chose *Burns* instead, which found changes in the lung tissue, because it found *Burn*'s "rationale and findings" to be "interesting and appropriate." *Simmons,* 674 A.2d at 239.

■ Based on the above, we deny Intech's Motion to dismiss the state law claims on the basis that Plaintiffs have not alleged a cognizable injury. Fried alleges that he has lung cancer that was either caused by or aggravated by the asbestos activities within his work-place, and that he needs medical monitoring. This is sufficient to state a claim. We do, however, grant the motion to dismiss with respect to all other Plaintiffs, including those in the purported class, because they do not allege that they suffer from pleural thickening, changes in lung tissue or anything comparable.

■ Next, Intech moves to dismiss Count VII, for public nuisance, on the basis that medical monitoring is not an injury, so Plaintiffs have failed to show that they have suffered a harm different from that suffered by other members of the public with respect to the right that is the subject of the nuisance. A plaintiff must make such an allegation to have standing in a public nuisance suit. *Philadelphia Electric Co. v. Hercules, Inc.,* 762 F.2d 303, 315 (3d Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 384, 88 L.Ed.2d 337 (1985). Intech also supports dismissal on the ground that a public nuisance claim would improperly add to the asbestos claims available to plaintiffs in Pennsylvania. It does not support this argument with any legal discussion or citation, however.

Plaintiffs maintain that they do have standing based on the injury they suffer in that they need medical monitoring. *Redland Soccer Club v. Department of Army,* 55 F.3d 827, 846 (3d Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 772, 133 L.Ed.2d 725 (1996) (need for medical monitoring is an injury). We find that this alleged injury is sufficient to withstand a motion to dismiss and so deny

the motion as to Fried. We grant the motion, however, as to the other Plaintiffs who have not stated a claim for medical monitoring or otherwise alleged an injury different from that suffered by the general public.

■ Intech also seeks to dismiss Count VIII, a claim under § 876 of the Restatement of Torts alleging concerted activity. Intech argues that this count should be dismissed because there is no tort-feasor left in the case with whom it allegedly acted in concert. Plaintiffs argue in response that simply because the other tort-feasor may be immune from a claim does not change the concerted nature of the tort under § 880 of the Restatement. We agree and so do not dismiss on that ground.

■ Intech's second argument to dismiss Count VIII is that Plaintiff's claim does not allege the concerted activity with sufficient specificity. The Third Circuit has held that a complaint that omits details and simply makes a "general allegation of conspiracy without a statement of facts is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action." *Black & Yates, Inc. v. Mahogany Ass'n, Inc.*, 129 F.2d 227, 231 (3d Cir.), *cert. denied*, 317 U.S. 672, 63 S.Ct. 76, 87 L.Ed. 539 (1941), *cited in Mowrer v. Armour Pharmaceutical Co.*, No. 92–6905, 1993 Westlaw 542541 at *3 (E.D.Pa. Dec. 30, 1993). A plaintiff must plead facts such as the "general composition of the conspiracy, some or all of its broad objectives, and defendant's general role in that conspiracy." *Alfaro v. E.F. Hutton & Co.*, 606 F.Supp. 1100, 1117–18 (E.D.Pa.1985). Plaintiffs contend that Intech waived this specificity argument by filing an Answer to the original Complaint.

■ Plaintiffs' Second Amended Complaint alleges only that the tortious acts of Intech were in concert with other defendants, that Intech gave assistance and encouragement to the other defendants and that this constituted a breach of duty to the Plaintiff class. This does not state a claim upon which relief can be granted for concert of action under § 876 of the Restatement of Torts. We also agree with Intech that it has not waived its objections to this count be-

cause its objections are based on stating a claim. For that reason, Count VIII is dismissed.

Finally, Intech argues that any state law claims that remain should be dismissed under 28 U.S.C. § 1367(c). It asserts that these claims raise novel and complex issues of state law and that they predominate over the federal claims. We will not dismiss these claims. Especially after the Supreme Court's guidance in *Simmons*, we find that the issues are not novel nor unduly complex and that the federal Clean Air Act claims are not merely a "tail" wagging a state "dog." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir.1995).

An appropriate Order follows.

### ORDER

AND NOW, this 2nd day of May, 1996, upon consideration of the Motion of Defendant Intech Corporation, Inc. to Dismiss Second Amended Complaint and for Partial Summary Judgment and responses thereto, the Motion is hereby GRANTED in PART and DENIED in PART. The Motion is hereby GRANTED in that:

Count II is hereby DISMISSED with respect to claims by Plaintiff Sam Wurst. FURTHER, Summary Judgment is hereby Granted in Intech's favor on Plaintiffs' claims of improper asbestos removal and failure to survey the mezzanine level of 401 North Broad Street.

Counts III and VIII are hereby DISMISSED.

Counts VI and VII are hereby DISMISSED with respect to Plaintiffs other than Fried as discussed in the attached Memorandum.

The Motion is hereby DENIED in all other respects.