**Sigmund FRIED, et. al.**

v.

**SUNGARD RECOVERY SERVICES INC. et. al.**

**Civil Action No. 95–0878.**

United States District Court,
E.D. Pennsylvania.

Sept. 12, 1996.

Mark R. Cuker, Steven M. Schain, Williams & Cuker, Philadelphia, PA, for Plaintiffs.

Roger F. Cox, Kenneth N. Klass, Jordana Cooper, Blank, Rome, Comisky & McCauley, Philadelphia, PA, for Defendants: Sungard, Dibrino, and Mulholland.

John P. McShea, Victoria J. Clauss, Eckert Seamans Cherin & Mellott, Philadelphia, PA, for Defendant: Intech Corp.

## MEMORANDUM

JOYNER, District Judge.

Today we address Defendant Intech Construction, Inc.'s Motion for Partial Summary Judgment of Counts VI and VII of Plaintiff Sigmund Fried's Second Amended Complaint. For the reasons that follow, we grant Defendant's Motion and order that Counts VI and VII be dismissed with prejudice.

## BACKGROUND

This case concerns an alleged conspiracy to remove asbestos illegally from a building where Plaintiffs were employed, causing or aggravating Plaintiff Sigmund Fried's ("Fried") lung cancer and resulting in increased danger to the health of the other members of the putative Plaintiff class. Defendant Intech Construction, Inc. ("Intech") is the construction contractor that renovated the sixth and seventh floors of the building at 401 North Broad Street. On May 2, 1996,

this Court dismissed all but two of the Pennsylvania common law claims asserted by Fried against Intech. Intech now moves for summary judgment on the two remaining state law claims, Counts VI and VII.

## STANDARD FOR SUMMARY JUDGMENT

In order to grant a motion for summary judgment, a court must find that the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, reveal no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)).

## DISCUSSION

■ Fried argues first that we should deny Intech's Motion as untimely given that the Case Management Order of June 21, 1995 set the deadline for summary judgment motions as January 15, 1996. We agree with Intech, however, that the interests of judicial efficiency and economy are clearly best served by addressing these issues now. Denying this Motion as untimely would do no more than delay the disposition of these is-

sues until trial. Further, rigid adherence to the Case Management Order is not appropriate where, as here, new developments in the law give rise to arguments previously unavailable. Thus, we proceed to the merits of the dispute.

### I. COUNT VI

Fried alleges that Intech's failure to take reasonable care in removing the asbestos from 401 North Broad Street caused him to be exposed to dangerous levels of asbestos. In Count VI, Fried requests an award of expenses for "ongoing medical surveillance and monitoring for early diagnosis and detection of asbestos-related diseases" as a result of this exposure. Pls.' Second Am.Compl. at ¶ 67.

The Pennsylvania Supreme Court recently held that, under Pennsylvania law, a party may recover damages for expenses incurred in the medical surveillance of asymptomatic pleural thickening caused by occupational exposure to asbestos. *Simmons v. Pacor, Inc.*, 543 Pa. 664, 674 A.2d 232 (1996).[1] As we have previously explained, we read the *Simmons* decision as holding that mere exposure to significant levels of asbestos, without a demonstrable physical consequence such as pleural thickening, does not support a claim for medical monitoring. *See Fried v. Sungard Recovery Services,* 925 F.Supp. 375, 377 (E.D.Pa.1996); *Cf. In re Paoli R.R. Yard PCB Litigation,* 916 F.2d 829 (3d Cir.1990), *cert. denied,* 499 U.S. 961, 111 S.Ct. 1584, 113 L.Ed.2d 649 (1991) (predicting that, under Pennsylvania law, medical monitoring claim would not require pleural thickening); *In re Paoli R.R. Yard PCB Litigation,* 35 F.3d 717 (3d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1253, 131 L.Ed.2d 134 (1995) (same); *Redland Soccer Club v. Department of Army,* 55 F.3d 827, 846 (3d Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 772, 133 L.Ed.2d 725 (1996) (same). Thus, we must grant summary judgment for Intech on Count VI unless we find a genuine issue of material fact concerning the physical consequences of Fried's exposure to asbestos.

---

1. The Court carved this limited exception to the general rule that such thickening, which by definition is unaccompanied by disabling conse-

quences or physical impairment, is not a compensable injury. *Id.* at 236–239.

■ We find no such issue. Fried alleges that his "lung cancer may have been caused by the illegal asbestos removal, or may have been aggravated by the illegal removals which occurred after his lung cancer became known to [Defendants]." Pls.' Sec.Am. Compl. at ¶ 24. This is the only allegation Fried makes concerning the physical consequences of his asbestos exposure.[2] If supported by any evidence, this claim would of course create an issue for the factfinder, but a thorough examination of the record now before this Court reveals no such evidence. In opposing Intech's Motion, Fried offers a single expert opinion that merely describes the potential increased risk that results from significant asbestos exposure, and does not refer at all to the physical condition of Fried's lungs. *See* Pl.'s Resp. to Mot. of Def. for Part.Summ.J. at Ex. B. The deposition testimony attached to Intech's Motion as Exhibits C, D, and E, is similarly devoid of any basis on which a reasonable factfinder could conclude that asbestos exposure had tangible pleural consequences for Fried. Finally, it appears from Fried's Response to Intech's Motion that he abandons his one allegation of pleural damage when he argues (at page 2) that "he is not presently making a claim for compensation for his original onset of cancer or aggravation of cancer." [3]

Thus we grant summary judgment as to Count VI and, in so doing, do not reach Intech's contention that Fried's current medical monitoring alleviates the need for any further medical surveillance.

## II. COUNT VII

Fried alleges in Count VII that Defendants' conduct created a public nuisance and again seeks damages for medical monitoring. Our finding that no genuine issue of material fact exists as to Fried's claim for medical monitoring in Count VI requires that we also grant summary judgment on Count VII.

■ In denying Intech's Motion to Dismiss with respect to Count VII, we held that Fried's allegation of asbestos exposure requiring medical monitoring gave Fried the standing necessary in a public nuisance suit. *See Fried v. Sungard Recovery Services,* 925 F.Supp. 375, 377–78 (E.D.Pa.1996); *see also Philadelphia Electric Co. v. Hercules, Inc.,* 762 F.2d 303, 315 (3d Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 384, 88 L.Ed.2d. 337 (1985) (requiring for standing to bring public nuisance suit a harm different from that suffered by other members of the public with respect to the right that is the subject of the nuisance); Restatement (Second) of Torts § 821C(2). Having concluded that Fried failed to produce evidence supporting the medical monitoring claim, Fried no longer alleges any injury that provides him standing to assert the public nuisance cause of action. Accordingly, we also grant summary judgment in Intech's favor on Count VII.

An appropriate Order follows.

## ORDER

AND NOW, this 12th day of September, 1996, upon consideration of Defendant Intech Construction, Inc.'s Motion for Partial Summary Judgment on Counts VI and VII of Plaintiff Sigmund Fried's Second Amended Complaint, Plaintiff Sigmund Fried's Response, and Intech's Reply thereto, it is hereby ORDERED that Intech's Motion is GRANTED and Counts VI and VII of Fried's Second Amended Complaint are dismissed with prejudice.

---

**2.** Fried does not also allege, for example, that his exposure to asbestos caused any sort of asymptomatic pleural thickening similar to the plaintiffs in the *Simmons* case.

**3.** Intech also points to Fried's Response to Sungard's Motion to Dismiss, filed May 17, 1995, to support its contention that Fried has abandoned the one allegation that enabled Counts VI and

VII to survive the motion to dismiss. Intech cites Fried's argument (at page 13) that "No plaintiff is making a claim for personal injury against Sungard defendants. No plaintiff claims to have suffered an occupational disease as a result of asbestos exposure in the environment, nor does any plaintiff seek compensation for such a disease."